**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHELLE NAVIGATO, TRUSTEE OF THE** )<br>**GIURBINO 2005 IRREVOCABLE TRUST,** )<br>)<br>**Plaintiff,** )<br>)<br>v.                                                                     )<br>)<br>**SJ RESTAURANTS, LLC;** )<br>**TABLE ROCK RESTAURANTS, LLC;** )<br>**OZARK RESTAURANTS, INC. and** )<br>**RESTAURANT SYSTEMS, INC.** )<br>)<br>**Defendants.** )<br>_____ ) | **CIVIL ACTION**<br>**No: 09-2101-KHV** |

**ORDER**

Defendants SJ Restaurants, LLC ("SJR"), Ozark Restaurants, Inc. ("ORI") and Restaurant Systems, Inc. ("RSI") (collectively "removing defendants") removed this case to this Court from the District Court of Labette County, Kansas. The removing defendants asserted diversity of citizenship as their sole basis for subject matter jurisdiction over this breach of contract case. See Notice of Removal (Doc. #1) filed February 27, 2009 ¶ 8; 28 U.S.C. § 1332. Section 1332 requires complete diversity between all plaintiffs and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Under Section 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. 28 U.S.C. § 1332(c)(1). A limited liability company is considered a citizen of each state of which its members are citizens. See Birdsong v. Westglen Endoscopy Ctr., LLC, 176 F. Supp.2d 1245, 1248 (D. Kan. 2001); see also Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006 (in every circuit to consider issue, citizenship of LLC determined by citizenship of members).

Defendants' notice of removal did not allege the citizenship of each member of SJR or Table

Rock Restaurants, LLC ("TRR"), another defendant, and it therefore failed to properly allege subject matter jurisdiction.[1]  Accordingly, the Court ordered the removing defendants to show good cause why the case should not be remanded for lack of subject matter jurisdiction. See Order To Show Cause (Doc. #7) filed March 16, 2009.  This matter is before the Court on Defendants' Response To Court's Order To Show Cause (Doc. #13) filed March 26, 2009.

In response to the order to show cause, the removing defendants present affidavit testimony which asserts that no member of either SJR or TRR is a citizen of either Kansas or California, and that all members of SJR or TRR are citizens of either Missouri or Wisconsin.  Accordingly, the removing defendants have demonstrated citizenship of the members of SJR and TRR sufficient to support diversity jurisdiction.

**IT IS THEREFORE ORDERED** that the removing defendants have shown good cause why this case should not be remanded for lack of subject matter jurisdiction.

Dated this 7th day of April, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] Plaintiff is an irrevocable trust with a situs in the State of California and the property which is the subject of the petition is located in Parsons, Kansas.  See Notice ¶¶ 2, 3.