IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE NAVIGATO, TRUSTEE OF THE ) <br> GIURBINO 2005 IRREVOCABLE TRUST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SJ RESTAURANTS, LLC; ) <br> TABLE ROCK RESTAURANTS, LLC; ) <br> OZARK RESTAURANTS, INC. and ) <br> RESTAURANT SYSTEMS, INC.; ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION <br> No: 09-2101-KHV |

**MEMORANDUM AND ORDER**

Michelle L. Navigato, Trustee of the Giurbino 2005 Irrevocable Trust ("Navigato") brings suit against SJ Restaurants, LLC ("SJ"); Table Rock Restaurants, LLC ("Table Rock"); Ozark Restaurants, Inc. ("Ozark") and Restaurant Systems, Inc. ("RSI") claiming that defendants defaulted on a commercial lease and seeking unpaid rent plus other damages. Plaintiff filed suit on January 29, 2009 in the District Court of Labette County, Kansas. On February 27, 2009 SJ Restaurants, Ozark and RSI removed the case to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332(a).¹ See Notice of Removal (Doc. #1). This matter comes before the Court on Defendant SJ Restaurants, LLC's, Ozark Restaurants, Inc.'s, And Restaurant Systems, Inc.'s Motion To Dismiss Plaintiff's Petition (Doc. #5) filed March 4, 2009. Defendants seek partial dismissal under Rule 12(b)(6), Fed. R. Civ. P, arguing that plaintiff has failed to state a claim for future rent and damages accruing after January 30, 2009. Specifically, defendants argue that (1) plaintiff has terminated the lease and retaken the property; (2) the lease has no acceleration clause; (3) plaintiff's

---

¹ Table Rock consented to but did not join in the removal. See Doc. #1-3.

claim for future rent is not yet ripe; (4) plaintiff's claim fails to show mitigation and (5) plaintiff's claim amounts to an unenforceable penalty. For the reasons stated below, the Court overrules defendants' motion.

## I.     Legal Standards

In ruling on defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and then determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough for her to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly at 556. Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Iqbal at 1949. Plaintiff must show more than a sheer possibility that a defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" liability. Id. (citing Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal at 1949. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950.

**II.    Facts**

Plaintiff alleges the following facts:

On February 8, 2005, for a term of 20 years, Parsons KFC, LLC leased to SJ the Kentucky Fried Chicken property at 1201 S. Main Street, Parsons, Kansas. Petition, attached as Exhibit A to Notice (Doc. # 1), ¶6. That same day, Ozark and RSI executed guaranties of SJ's obligations under the lease. Id. ¶¶14-15. On February 9, 2006, Parsons sold the property and assigned to Navigato all of its interest in the lease. Id. ¶12. On May 7, 2007, SJ assigned all of its interest in the lease to Table Rock.

The lease required SJ (then Table Rock) to pay annual rent of $70,200.00 in monthly installments of $5,850.00 for the first five years of the lease; $75,465.00 in monthly installments of $6,288.75 for the next five years; $81,124.89 [sic] in monthly installments of $6,760.40 for years 11 through 15; and $87,209.23 [sic] in monthly installments of $7,267.43 for years 16 through 20. Id. ¶¶7,13, 18; see also Doc. #1-2 at 11. The lease obligated SJ (then Table Rock) to pay all maintenance and repairs, real estate taxes and insurance premiums on the premises. Id. ¶8.

Table Rock paid no rent for November and December of 2008. On December 8, 2008, Navigato sent all defendants a written notice of default which advised them that she would pursue her rights under the default clause[2] unless she received $11,700 – the past due rent – within ten

---

[2]    The lease default clause provides in relevant part:

> [I]n the event of any failure of Tenant to pay any rental due hereunder for more than ten (10) days after written notice of such non-payment shall have been given to Tenant, or any failure by Tenant to perform any other of the terms, conditions or covenants . . . Tenant shall be in default hereunder and Landlord shall have the right and option to pursue all of her legal remedies including . . . the right to terminate this Lease, to re-enter the Premises as agent of Tenant, and to evict Tenant and to remove Tenant's possessions. . . without prejudice to any claim by Landlord for damages for breach or for arrears of rent or any other amounts due hereunder.

(continued...)

days.  Id. ¶16.  Defendants did not make that payment or any other payments under the lease.  Id. ¶16, 18.

The Kentucky Fried Chicken restaurant closed.  Defendants no longer occupy it as a business and Navigato has retaken possession.  Id. ¶17.

Navigato seeks $1,300,895.50 in unpaid lease payments through the remainder of the lease, as well as taxes, insurance, upkeep and costs.  Id. ¶18, 20.  Navigato also has terminated the lease under its default provision.[3]  Id. ¶20.

**III.  Analysis**

SJ, Ozark and RSI seek to dismiss plaintiff's claims for rent which accrued after January 30, 2009, when she retook possession and terminated the lease.[4]  Alternatively, defendants contend that plaintiff's claim for future rent should be dismissed under Rule 12(b)(6) because (1) when plaintiff terminated the lease and retook the property, she effectively cancelled the lease and relieved defendants of all future obligation; (2) the lease contains no acceleration clause which liquidates future rent damages; (3) plaintiff's claim for future rent is not ripe because defendants have not yet defaulted on future rent payments; (4) plaintiff has failed to allege mitigation and (5) plaintiff's claim for future rent amounts to an unenforceable penalty.  For the most part, these arguments are frivolous and they do not require the Court to explore the ramifications of Ashcroft v. Iqbal.

**A.  Navigato's Termination Of Lease**

SJ, Ozark and RSI first argue that when Navigato repossessed the property and terminated the lease, she effectively consented to cancel the lease and relieve defendants of all obligations after

---

[2](...continued)
Doc. #1-2 at 21.

[3]     See note 2, supra.

[4]     Technically, defendants do not seek to dismiss plaintiff's *claims*, but to limit the damages which she can potentially recover.

January 30, 2009, including the obligation to pay future rent.

Kansas law is clear that when a tenant surrenders leased premises, the tenant is only discharged from liability for future rent if the landlord consents to that surrender. Gordon v. Consol. Sun Ray, Inc., 195 Kan. 341, 346, 404 P.2d 949, 954 (1965).[5] The landlord can consent by express agreement or consent can be implied from the circumstances. Id. To imply consent, the tenant must provide evidence which unequivocally establishes that the landlord agreed to accept the tenant's surrender of the property and discharge the tenant from its obligation to pay rent. Id. The tenant has the burden of proof, and a tenant may not relieve itself of its obligation to pay rent simply by abandoning the premises and ceasing to pay rent. Id.

Defendants argue that when Navigato repossessed the property and terminated the lease, she discharged defendants from future rent obligations. The act of re-entering abandoned premises, however, is not conclusive evidence of implied consent and does not mean that the lessee can stop payments under the lease. Id. Navigato's act of re-entering the property, by itself, is not evidence of implied consent.

Furthermore, defendants' argument confuses the distinction between terminating the lease and terminating the landlord-tenant relationship. Kansas law is well settled that a landlord may terminate a lease which is in default while maintaining a landlord-tenant relationship for purposes of pursuing damages, in large part because Kansas law requires landlords to make reasonable efforts to mitigate damages by securing a new tenant. See In re the Estate of Sauder, 283 Kan. 694, 712, 156 P.3d 1204, 1217 (2007) (when tenant abandons leased property, landlord-tenant relationship is terminated but surrender does not terminate relationship of debtor and creditor). See also IPC Retail

---

[5] This is a common law contract action. The lease specifies that Kansas law applies and the lease involves property in Kansas. Therefore the Court applies Kansas law. See Lease Agreement ¶ 33; Yavuz v. 61 MM, Ltd., 465 F.3d 418, 427-28 (10th Cir. 2006) (Tenth Circuit courts generally apply the law the parties selected in their contract).

Props., LLC v. Oriental Gardens, Inc., 32 Kan. App. 2d 554, 564-65, 86 P.3d 543, 550 (Kan. Ct. App. 2004) (permitting landlord who terminated lease to sue for damages), overruled on other grounds by Carrothers Constr. Co. v. City of S. Hutchinson, 207 P.3d 231, 241 (Kan. 2009). Accordingly, by simply repossessing the property and terminating the lease, Navigato did not discharge defendants from their obligations under the lease.

### B.     Lack of Acceleration Clause

Defendants contend that because the lease has no acceleration clause, plaintiff cannot seek damages for future rent. Kansas law is clear, however, that an acceleration clause is not necessary for plaintiff to maintain an action for the full amount due under the lease. See Ray L. Smith Cos. v. Eldon Miller, Inc., 193 Kan. 258, 259, 392 P.2d 943, 945 (1964) (awarding balance due, minus mitigation, under 20-year lease that did not have acceleration clause). Accordingly, the Court will not dismiss on this ground.

### C.     Premature Claim Because There Is No Default on Future Rent

Defendants assert that plaintiff's claim for future rent is premature because Table Rock has not yet defaulted on its future payments. Under similar facts, however, the Kansas Supreme Court has rejected this argument. See Wilson v. Natl. Refining Co., 126 Kan. 139, 266 P. 941 (1928) (damages for breach of contract measured by rent due under the lease; action for full damages can be commenced immediately upon breach and abandonment). The Court overrules defendants' motion on this ground.

### D.     Mitigation

Defendants argue that plaintiff has no right to sue for future rent until she establishes that she has used commercially reasonable efforts to mitigate her damages. Kansas law is clear, however, that plaintiff is not required to show mitigation as a condition for filing suit. See Rockey v. Bacon,

205 Kan. 578, 583, 470 P.2d 804, 809 (1970) (mitigation is matter of affirmative defense and burden of proof is on party who seeks to establish it). Plaintiff has no affirmative responsibility to allege mitigation in her petition.

### E. Unenforceable Penalty

Defendants contend that allowing Navigato to recover the rent due under the lease operates as an acceleration clause and is an unenforceable penalty. Defendants ask the Court to imply an acceleration clause and then to declare it unenforceable. The Court declines defendants' invitation to do so.

**IT IS THEREFORE ORDERED** that the Defendant SJ Restaurants, LLC's, Ozark Restaurants, Inc.'s, and Restaurant Systems, Inc.'s, Motion to Dismiss Plaintiff's Petition (Doc. #5) filed March 4, 2009 be and hereby is **OVERRULED**.

Dated this 14th day of August, 2009 at Kansas City, Kansas.

                s/ Kathryn H. Vratil
                KATHRYN H. VRATIL
                United States District Judge