IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELLE L. NAVIGATO,** ) <br> **Trustee of the Giurbino 2005** ) <br> **Irrevocable Trust,** ) <br> ) <br>       **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **SJ RESTAURANTS, LLC,** ) <br> **OZARK RESTAURANTS, INC., and** ) <br> **RESTAURANT SYSTEMS, INC.,** ) <br> ) <br>       **Defendants and** ) <br>       **Cross-Claim Plaintiffs, and** ) <br> ) <br> **TABLE ROCK RESTAURANTS, LLC,** ) <br> ) <br>       **Defendant and** ) <br>       **Cross-Claim Defendant.** ) | **CIVIL ACTION** <br><br> **Case No. 09-2101-DJW** |

## MEMORANDUM AND ORDER

There are two matters currently pending before the Court. The first matter is the affidavit (ECF No. 61) submitted by Plaintiff's expert, Mr. Hill (the "Hill Affidavit"), recalculating Plaintiff's damages pursuant to the Court's Memorandum and Order (ECF No. 60). The second is Plaintiff's Motion to Tax Additional Expert Witness Fees (ECF No. 62), wherein Plaintiff seeks an award of the additional expert witness fees she incurred as a result of Mr. Hill's recalculation of her damages pursuant to the Memorandum and Order (ECF No. 60).

For the reasons set forth below, the Court finds that Plaintiff is entitled to some of the damages identified in her expert's affidavit, and the Court grants Plaintiff's Motion for additional expert fees.

## I. BACKGROUND

Plaintiff Michelle L. Navigato, Trustee of the Giurbino 2005 Irrevocable Trust, brought this breach of commercial lease contract action against Defendants SJ Restaurants, LLC ("SJ Restaurants"), Ozark Restaurants, Inc. ("Ozark Restaurants"), Restaurant Systems, Inc. ("Restaurant Systems"), and Table Rock Restaurants, LLC ("Table Rock"). SJ Restaurants, Ozark Restaurants, and Restaurant Systems asserted cross-claims against Table Rock for indemnification.

On July 26, 2010, the Court held a bench trial. After the parties completed their post-trial briefing, the Court entered its findings of fact and conclusion of law in accordance with Fed. R. Civ. P. 52(a) (*See* Memorandum and Order, ECF No. 60). The Court held that Plaintiff is entitled to judgment against SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock, jointly and severally, for certain amounts, including lost net rental income from August 1, 2010 to May 9, 2014. The Court further held that Plaintiff is entitled to judgment against Table Rock for certain amounts, including lost net rental income from May 10, 2014 to February 8, 2025. However, because the Court did not wholly adopt the calculation of damages performed by Plaintiff's expert, Mr. Hill, the Court requested that the lost net rental income for the periods of August 1, 2010 to May 9, 2014, and May 10, 2014 to February 8, 2025, be recalculated by Plaintiff's expert, using Mr Hill's mitigating rental income rate of $1,000 per month and using a 10.3 percent discount rate.

## II. DISCUSSION

### A. Plaintiff's Motion

Plaintiff filed her Motion on February 3, 2011, seeking an award of the additional expert witness fees she incurred as a result of Mr. Hill's recalculation of Plaintiff's damages pursuant to the Court's Memorandum and Order (ECF No. 60). To date, SJ Restaurants, Ozark Restaurants,

Restaurant Systems, and Table Rock have not filed an opposition to Plaintiff's Motion. Accordingly, the Court will grant the Motion as uncontested.[1] The Court therefore holds that Plaintiff is entitled to additional expert witness fees in the amount of $650.00.

### B. Affidavit of Mr. Hill

In compliance with the Court's request, Plaintiff filed the Hill Affidavit setting forth the recalculation of her damages. SJ Restaurants, Ozark Restaurants, and Restaurant Systems object to the Hill Affidavit, arguing that it is flawed because (1) Mr. Hill used the $1,000 per month mitigating rental income for the years 2012, 2013, and 2014, and (2) Mr. Hill included the entire month of May 2014, in his calculation of lost net rental income for the period of August 1, 2010 to May 9, 2014. The Court will address each of these arguments in turn.

#### 1. *Mitigating Rental Income*

In support of their argument that $1,000 is not the correct mitigating rental income rate for the years 2012, 2013, and 2014, SJ Restaurants, Ozark Restaurants, and Restaurant Systems argue that the testimony at trial did not support using the $1,000 mitigating rental income rate for these years, but rather only supported using this rate "at the time of trial." The Court disagrees. The Court made its conclusions on this issue clear in its Memorandum and Order (ECF No. 60) issuing its findings of fact and conclusions of law: "The Court thus finds that Plaintiff has demonstrated a reasonable basis for concluding that the estimated mitigating rental income of $1,000 is appropriate."[2] The Court further concluded, "Plaintiff is entitled to judgment against Defendants

---

[1] D. Kan. Rule 7.4(b) ("If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").

[2] Mem. & Order (ECF No. 60) at 41.

SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock, jointly and severally, for lost net rent income *from August 1, 2010 to May 9, 2014*, *using Mr. Hill's $1,000 mitigating rental income rate*, using Mr. Jaggers 10.3 percent discount rate, and not using Mr. Hill's second scenario."[3] Thus, having already concluded that the $1,000 mitigating rental income rate should be used to calculate lost net rent income from August 1, 2010 to May 9, 2014, the Court need not and will not reconsider the matter now. The Court thus dismisses this argument.

### *2. May 2014 Calculations*

SJ Restaurants', Ozark Restaurants', and Restaurant Systems' second argument is well-taken. The Court made it clear in its Memorandum and Order (ECF No. 60) that Plaintiff is entitled to judgment against SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock, jointly and severally, for lost net rent income from August 1, 2010 to May 9, 2014. The Hill Affidavit, however, goes beyond May 9, 2014, and calculates damages for the entire month of May 2014.

Having reviewed the Hill Affidavit, the Court finds that the appropriate amount for which SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock are jointly and severally liable from May 1 through May 9, 2014, is the pro-rated amount for the first nine days of May 2014, which is $1,045.15. The Court thus concludes that Plaintiff is entitled to judgment against SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock, jointly and severally, for lost net rental income for the period of August 1, 2010 to May 9, 2014 in the amount of $199,461.07.

The Court further concludes that Plaintiff is entitled to judgment against Table Rock for lost net rental income for the period of May 10, 2014 to February 8, 2025 in the amount of $312,826.03.

---

[3] *Id.* at 51 (emphasis added).

Having resolved all remaining issues concerning the calculation of Plaintiff's damages, the Court will enter judgment in Plaintiff's favor pursuant to its Memorandum and Order (ECF No. 60), and as well as this Memorandum and Order, shortly.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Tax Additional Expert Witness Fees (ECF No. 62) is granted. Plaintiff is entitled to recover the additional expert fees she incurred in the amount of $650.00. Thus, Plaintiff is entitled to judgment against SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock, jointly and severally, for a total of $11,151.80 in litigation expenses which includes her expert witness fees.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to judgment against SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock, jointly and severally, for lost net rental income for the period of August 1, 2010 to May 9, 2014 in the amount of $199,461.07.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to judgment against Table Rock for lost net rental income for the period of May 10, 2014 to February 8, 2025 in the amount of $312,826.03.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 16th day of March 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties