IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE L. NAVIGATO, )<br>TRUSTEE OF THE GIURBINO 2005 )<br>IRREVOCABLE TRUST, )<br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>SJ RESTAURANTS, LLC, )<br>OZARK RESTAURANTS, INC., )<br>RESTAURANT SYSTEMS, INC., and )<br>TABLE ROCK RESTAURANTS, LLC, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>Case No. 09-2101-DJW |

**MEMORANDUM AND ORDER**

This motion comes before the Court on Plaintiff's Motion to Register Judgment in the Western District of Missouri (ECF No. 78) (the "Motion to Register"). Plaintiff moves the Court pursuant to 28 U.S.C. § 1963 to register this Court's March 16, 2011 Judgment (ECF No. 65) in the United States District Court for the Western District of Missouri. For the reasons discussed below, the motion will be granted.

**I.     BACKGROUND**

Plaintiff Michelle L. Navigato, Trustee of the Giurbino 2005 Irrevocable Trust ("Plaintiff"), brought this breach of commercial lease contract action against Defendants SJ Restaurants, LLC ("SJ Restaurants"), Ozark Restaurants, Inc. ("Ozark Restaurants"), Restaurant Systems, Inc. ("Restaurant Systems"), and Table Rock Restaurants, LLC ("Table Rock"). SJ Restaurants, Ozark Restaurants, and Restaurant Systems asserted cross-claims against Table Rock for indemnification.

On July 26, 2010, the Court held a bench trial. After the parties completed their post-trial briefing, the Court entered its findings of fact and conclusion of law in accordance with Fed. R. Civ. P. 52(a).[1] The Court held that Plaintiff was entitled to judgment against SJ Restaurants, Ozark Restaurants, Restaurant Systems, and Table Rock, jointly and severally, for certain amounts, including lost net rental income from August 1, 2010 to May 9, 2014. The Court further held that Plaintiff was entitled to judgment against Table Rock for certain amounts, including lost net rental income from May 10, 2014 to February 8, 2025.[2] On March 16, 2011, Judgment (ECF No. 65) was entered against the Defendants. Defendants SJ Restaurants, Ozark Restaurants and Restaurant Systems filed a timely Notice of Appeal (ECF No. 66) on April 13, 2011. Plaintiff then filed the instant Motion to Register (ECF No. 78) on August 11, 2011, because equipment, bank accounts and other assets that potentially could be used to satisfy the judgment are located in the District of Western Missouri.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1963, a judgment-creditor may register her judgment in any other district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown."[3] What constitutes "good cause" for the registration of a judgment has never been conclusively defined by the Tenth Circuit.[4] Nonetheless, the lack of sufficient property with which the judgment may be satisfied in the district where the judgment was rendered and the presence of substantial property in a

---

[1] *See* Memorandum and Order (ECF No. 60).

[2] *See id.*

[3] 28 U.S.C. § 1963.

[4] *Republic Bank v. Amtec Precision Prods., Inc.*, No. 1:06-CV-112 TS, 2008 WL 410130, at *1 (D. Utah Feb. 12, 2008).

foreign district generally constitutes good cause.[5] Moreover, the party seeking registration of a judgment is not required to conclusively prove that the defendants have assets in another jurisdiction.[6] The moving party need only demonstrate the likely existence of sufficient assets with more than "mere speculation."[7]

Here, Plaintiff has satisfied the requirements for registration of a judgment under 28 U.S.C. § 1963. Because some of the Defendants filed an appeal (*See* ECF No. 66), Plaintiff must support the Motion for Registration by demonstrating good cause. Plaintiff argues that good cause exists because the judgment-debtors have no assets or property in Kansas (ECF No. 79). Furthermore, Plaintiff asserts that the judgment-debtors do possess property and assets located in the Western District of Missouri that are sufficient to satisfy the judgment (ECF No. 79). The Plaintiff's allegations regarding the judgment-debtors' property are supported by the debtors' responses to interrogatory requests during discovery and public record searches in both districts.

Defendants do not dispute the allegations contained in Plaintiff's Suggestions in Support of Motion to Register Judgment in the Western District of Missouri ("Plaintiff's Suggestions"). There is no brief in opposition to Plaintiff's Motion to Register. Defendants apparently do not dispute the allegations contained in Plaintiff's Suggestions, and they state no alternative grounds on which the motion should be denied. Defendants have not posted a supersedeas bond to delay

---

[5] *Id.*

[6] *Hicks v. The Cadle Co.*, No. 04-cv-2616, 2009 WL 189938, at *3 (D. Colo. Jan. 27, 2009).

[7] *See id.* (plaintiff's assertions regarding the location of the defendants' assets were not mere speculation, but based on the defendants' own statements).

execution of the judgment pending appeal,[8] and accordingly, the Court will not address the potential impact of a supersedeas bond in this case. Defendants' failures to contest the facts supporting Plaintiff's Motion for Registration or otherwise oppose the motion indicate that Plaintiff's allegations are undisputed.

For the foregoing reasons, the Court finds that Plaintiff has demonstrated good cause in support of her Motion for Registration. The lack of property within the district that could satisfy the judgment and existence of such property in a foreign district, as supported by the judgment debtors' own statements and public records, is sufficient as "good cause" under 28 U.S.C. § 1963. Additionally, Defendants have not filed any response or objection to Plaintiff's Motion to Register Judgment. Further, Defendants have not posted a supersedeas bond pursuant to Fed. R. Civ. P. 62, which would have delayed execution of the judgment. Accordingly, Plaintiff is entitled to register her judgment in the appropriate foreign district.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Register Judgment in the Western District of Missouri (ECF No. 78) is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of September 2011.

s/**David J. Waxse**
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties

---

[8] *See* Fed. R. Civ. P. 62(d) (allowing a party to obtain a stay on appeal by supersedeas bond).